**In re the Petition for DISCIPLINARY ACTION AGAINST Thomas M. BRUD-VIG, an Attorney at Law of the State of Minnesota.**

No. C1–93–1092.

Supreme Court of Minnesota.

July 8, 1993.

### ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleging that the respondent Thomas M. Brudvig had committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent unintentionally misappropriated client funds from his pooled trust account; failed to maintain adequate books and records for the pooled trust account despite his certification to the contrary on his attorney registrations for 1989, 1990, 1991 and 1992; committed trust account violations with respect to a separate client trust account; failed to put into writing a contingent fee agreement; and neglected two client matters entrusted to him.

Along with the petition, the Director filed a stipulation for discipline. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Thomas M. Brudvig, hereby is publicly reprimanded and placed on supervised probation for a period of 2 years, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the conditions of respondent's probation shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and respond promptly to the Director's correspondence by the indicated due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorizations for release of information and documentation to verify his compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney, appointed by

the Director to monitor respondent's compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall provide the Director with an inventory of active client files as described below, by the tenth day of each month. Respondent also shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor in the supervisor's efforts to monitor respondent's compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to his supervisor an inventory of all active client files by the tenth day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

d. Respondent shall initiate and maintain office procedures which ensure that respondent responds promptly to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Within 30 days from the date of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. By the tenth day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor, at which time such books and records shall be in current condition as of the last day of the preceding month. Respondent also shall make such books and records available to the Director upon request.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.